# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**RONNIE LUCKETT,**
        **Plaintiff,**

   v.                                                                                              Case No. 05C0509

**CITY OF MILWAUKEE,**
        **Defendant.**

---

## DECISION AND ORDER

In May 2005, pro se plaintiff Ronnie Luckett brought this race discrimination case alleging that in 2004, the defendant City of Milwaukee failed to promote him to the position of cement finisher. In April 2007, plaintiff filed an amended complaint adding several individual defendants and claims of wrongful termination and malicious prosecution. Before me now are the parties' cross-motions for summary judgment.

I first address defendants' motion as it is dispositive. Summary judgment for defendants is appropriate if, after viewing all the evidence on file in the light most favorable to the plaintiff, I determine that no genuine issue of material fact exists, no reasonable jury could find for the plaintiff and defendants are entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Here, defendants easily meet that standard.

The most relevant facts, construed in the light most favorable to plaintiff, are as follows: defendants failed to promote plaintiff to the position of cement finisher in March 2004. Plaintiff was not on the certified list of cement finishers, but defendants had previously promoted another employee, Robert Gallob, who also was not on the certified

list of cement finishers.[1] Plaintiff was terminated from his employment and charged with theft in August 2004, because of an incident in which plaintiff allegedly appropriated city equipment for his own personal needs; the charges were eventually dismissed and plaintiff was given his job back after arbitration. Plaintiff initially filed a claim with the EEOC relating to wrongful termination, but voluntarily withdrew that claim. I will state additional facts in the course of this decision.

Regarding plaintiff's race discrimination claim, plaintiff's evidence does not establish a prima facie case of discrimination, which requires proof that (i) plaintiff belongs to a racial minority; (ii) he applied and was qualified for an available position; (iii) he was denied that position; and (iv) after his rejection, the position remained open and the employer continued to seek applicants with similar qualifications. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Plaintiff concedes that he was not on the certified list of cement finishers, and thus he was not qualified for promotion to that position. Plaintiff attempts to circumvent this obstacle by referencing Robert Gallob, who was promoted to cement finisher prior to his inclusion on the certified list; Gallob's promotion, however, was an emergency appointment. Ronnie Luckett v. City of Milwaukee, No. 02-C-520, slip. op. at 7 (E.D. Wis. August 15, 2003). Plaintiff's situation, on the other hand, did not meet the prerequisites to an emergency appointment because there were several individuals on the certified list of cement finishers who were not currently employed as a cement finisher. The emergency appointment avenue, therefore, was not available to plaintiff. Given these

---

[1] City Service Rules and union agreement require an individual to be on a list of employees certified for a particular position before he or she can be promoted to that position. The exception to this rule is the emergency appointment, which can only occur if there are no persons on the certified list who are not currently working in that position.

2

undisputed facts and evidence, plaintiff's claim lacks at least one of the elements of a prima facie case of discrimination–that he was qualified for an available position–and I must dismiss the claim.[2]

Plaintiff's wrongful termination and malicious prosecution claims also fail. First, I must dismiss these claims under Title VII because plaintiff failed to obtain a right to sue notice from the EEOC, a procedural requirement before a Title VII action in federal court is proper. Movement for Opportunity & Equality v. General Motors Corp., 622 F.2d 1235, 1240 (7th Cir. 1980). Second, I must dismiss both the wrongful termination claim and the malicious prosecution claim for a lack of evidence. Plaintiff has brought forth no relevant evidence, other than conclusory allegations, to support these claims. For example, plaintiff submitted partial transcripts from the arbitration proceeding regarding his wrongful termination claim; however, these transcripts do not show that the city had any motive for plaintiff's termination other than the alleged theft of city equipment. Likewise, the evidence does not suggest malice on the part of the defendants or a lack of probable cause for the theft prosecution. See Fuller v. Fuller Brush Co., 595 F. Supp. 1088, 1090 (E.D. Wis. 1984) (setting forth the elements of a claim for malicious prosecution, including malice and a lack of probable cause).

As to plaintiff's claims against the individual defendants, I must also dismiss them. In addition to the reasons set forth above, plaintiff failed to serve the individual defendants with process. Moreover, they are improper defendants in a Title VII action inasmuch as

---

[2] To the extent plaintiff may be claiming that his exclusion from the certified list of cement finishers is itself the result of racial discrimination, plaintiff has presented no evidence supporting the claim.

3

Case 2:05-cv-00509-LA   Filed 12/12/07   Page 3 of 4   Document 46

they do not employ plaintiff.  See, e.g., Williams v. Banning, 72 F.3d 552, 553 (7th Cir. 1995).

Therefore,

**IT IS ORDERED** that defendants' motion for summary judgment is **GRANTED**, and this case is **DISMISSED**.

Dated at Milwaukee, Wisconsin this 12 day of December, 2007.

/s
LYNN ADELMAN
District Judge

4

Case 2:05-cv-00509-LA   Filed 12/12/07   Page 4 of 4   Document 46